UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELENA GUTTING, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-02216-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| AMERICAN FAMILY FINANCIAL ) | |
| SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 12), filed by Defendants American Family Financial Services, Inc., and American Family Medical Insurance Company (collectively "American Family"). Plaintiff Angelena Gutting ("Plaintiff") filed a Response, (ECF No. 14), and American Family filed a Reply, (ECF No. 19).

Also pending before the Court is Plaintiff's cross-Motion for Summary Judgment, (ECF No. 20), to which American Family filed a Response, (ECF No. 24). Plaintiff did not file a reply, and the time to do so has passed. For the reasons discussed below, the Court GRANTS American Family's Motion for Summary Judgment and DENIES Plaintiff's cross-Motion.[1]

I.  **BACKGROUND**

This case arises from American Family's initial refusal to pay the policy limit under Plaintiff's Uninsured/Underinsured Motorist ("UIM") coverage policy. Plaintiff was involved in a motor vehicle accident on October 27, 2007. (Ex. B to Defs.' Mot. for Summary J. ("MSJ") at 9, ECF No. 12-2). On July 24, 2009, Plaintiff informed American Family that she had reached a settlement with the insurance carrier for the third party involved in the accident for

---

[1] Plaintiff also filed a Motion to Strike, (ECF No. 30), certain expert witnesses named by American Family. Because the instant Order closes the case, the Court DENIES Plaintiff's Motion as moot.

$25,000. (Ex. H to Defs.' MSJ, ECF No. 12-8).  On August 28, 2009, Plaintiff demanded that American Family tender her the UIM policy limit of $100,000. (Ex. I to Defs.' MSJ, ECF No. 12-9).

Following Plaintiff's policy limit demand, American Family notified Plaintiff's counsel on September 15, 2009, that they were conducting a medical review of Plaintiff's claim and requested additional information. (Ex. K to Defs.' MSJ, ECF No. 12-11).  On September 18, 2009, American Family completed the medical review and, three days later, extended an oral offer to settle Plaintiff's claim for $10,000. (Ex. J to Defs.' MSJ at 11, ECF No. 12-10). Although Plaintiff's counsel requested this offer in writing, none was ever sent. (*Id.*).  Instead, American Family notified Plaintiff on September 21, 2009, that they would proceed with an independent medical exam ("IME") and requested Plaintiff's medical records or medical authorization. (Ex. M to Defs.' MSJ, ECF No. 12-13).

Between late September 2009 and January 25, 2010, American Family via its vendor attempted to schedule the IME with Plaintiff but received no response from her or her attorney. (Ex. J at 8–9); (Ex. N to Defs.' MSJ, ECF No. 12-14).  After American Family notified Plaintiff's counsel in writing of their intent to unilaterally schedule the IME, Plaintiff's counsel contacted American Family and scheduled the IME for March 19, 2010. (Ex. J at 9); (Ex. N). On the day of the IME, Plaintiff's counsel asked to reschedule the IME because he did not have all the material required for the visit. (Ex. J at 7).  The IME was ultimately rescheduled and conducted on May 7, 2010, by Dr. Clive Segil ("Dr. Segil"). (*Id.*).

Dr. Segil issued a report opining that Plaintiff's medical condition was "very good" and that the chronic degenerative disc disease in her neck "definitely predated" the October 27, 2007 accident. (Ex. P to Defs.' MSJ at 12, ECF No. 12-16).  Further, Dr. Segil concluded that the medical procedures recommended by Plaintiff's treating physicians were "not medically necessary and . . . not related to the accident." (*Id.*).  Based on Dr. Segil's report, American

Family determined that only $6,070 of Plaintiff's medical costs were attributable to the accident, an amount covered by the third party settlement, and offered Plaintiff $5,000 to resolve her UIM claim. (Ex. Q to Defs.' MSJ, ECF No. 12-17); (Ex. R to Defs.' MSJ, ECF No. 12-18).

Rather than respond to the offer, Plaintiff filed suit in the Eighth Judicial District Court for the District of Nevada on July 21, 2010. (Ex. S to Defs.' MSJ, ECF No. 12-19). The parties agreed to submit the valuation of Plaintiff's injury claim to an arbitrator and participated in binding arbitration on September 30, 2014. (Ex. T to Defs.' MSJ, ECF No. 12-20). The arbitrator reviewed Plaintiff's medical records from her treating physicians as well as the IME conducted by Dr. Segil and a later IME performed on May 2, 2013, by Dr. Hugh S. Selznick, whose conclusions matched Dr. Segil's opinions. (*See id.* at 3–8). Based on his review of the evidence and Plaintiff's testimony regarding her condition, the arbitrator found that all of Plaintiff's past medical expenses were related to the accident and valued Plaintiff's injury from the accident at $147,826.46. (*Id.* at 16). As a result of this decision, American Family tendered Plaintiff the $100,000 policy limits. (*See* Ex. 1 to Pet. for Removal ¶ 9, ("Compl."), ECF No. 1).

Plaintiff then filed the instant Complaint in state court, alleging the following causes of action against American Family: (1) common law bad faith; (2) breach of the covenant of good faith and fair dealing; (3) statutory breach of insurer's duty pursuant to NRS § 686A.310; and (4) insurer bad faith and unfair practices. On November 24, 2015, American Family removed the action to this Court. In the instant Motions, the parties seek summary judgment on each of these claims.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   DISCUSSION

In the insurance context, a claim for tortious breach of the implied covenant of good faith and fair dealing is a claim for bad faith. *See Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 863 F. Supp. 1237, 1242 (D. Nev. 1994); *Sherwin v. Infinity Auto Ins. Co.*, No. 2:11-cv-00043-APG, 2013 WL 5918312, at *3 (D. Nev. Oct. 31, 2013), *aff'd*, 639 F. App'x 466, 468 (9th Cir. 2016). Further, the Court notes that Plaintiff's claims for "Common Law Bad Faith" and "Insurer Bad Faith and Unfair Practices" are redundant as both merely allege bad faith against American Family. (*See* Compl. ¶¶ 10–15, 26–27). The Court therefore

evaluates Plaintiff's first, second, and fourth alleging bad faith together and next considers Plaintiff's claims pursuant to NRS § 686A.310.

### A. Bad Faith

To prove a claim of insurance bad faith, a plaintiff must establish that the insurer denied the insured's claim, without any reasonable basis, and with "knowledge or awareness of the lack of any reasonable basis to deny coverage, or [with] reckless disregard as to the unreasonableness of the denial." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006); *see also Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998), *opinion modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999). No insurance bad faith claim lies where the insurer has a reasonable basis for challenging a claim. *See Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009). "Because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was 'a genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003).

American Family argues that it had a reasonable and good-faith basis for offering $5,000 to settle Plaintiff's claim. (Defs.' MSJ 10:11–11:7, ECF No. 12). Specifically, American Family asserts that it "obtained two different IME's from two different physicians" and "made offers to resolve the matter that were commensurate with the medical evaluations it had received." (*Id.*). Plaintiff points out, however, that American Family based its settlement offer on the opinion of only one physician—Dr. Segil—as the second IME was conducted only after Plaintiff filed the first state court action. (*See* Ex. Q); (Ex. T at 6). Nevertheless, Plaintiff has failed to provide any evidence that American Family's reliance on Dr. Segil's report was unreasonable.

Plaintiff instead emphasizes the difference between the valuation of her claim by American Family and the arbitrator; however, this variance merely illustrates a value dispute to

which the genuine dispute doctrine applies. *See Feldman*, 322 F.3d at 669; *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001) ("[W]e decline to limit the genuine dispute doctrine to purely legal or contractual disputes."); *Miller*, 212 P.3d at 330 (citing *Feldman* and opinions from California courts in insurance bad-faith context); *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1088–89 (Cal. 2007) ("[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract."). The arbitrator's award therefore undermines rather than supports Plaintiff's position.

The Court thus finds that a reasonable trier of fact could not find that American Family lacked a reasonable basis to partially deny Plaintiff's claim and GRANTS summary judgment in favor of American Family on Plaintiff's bad faith claim.

### B.     Unfair Claims Practices Act

Nevada Revised Statute § 686A.310 specifies certain unfair practices by insurance companies and provides a cause of action for an insured to enforce these provisions against an insurer. *See* NRS § 686A.310; *Hart v. Prudential*, 848 F. Supp. 900, 903 (D. Nev. 1994). "Unlike a cause of action for bad faith, the provisions of Nev. Rev. Stat. § 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). Although Plaintiff's Complaint does not explicitly set out which subsections of NRS § 686A.310(1) American Family allegedly violated, her briefs assert that American Family is liable under subsections (c), (d), (e), (f), and (n). (*See* Pl.'s MSJ 11:9–12:17, ECF No. 20); (Pl.'s Resp. 11:9–12:17).

i.     *Subsection (c): Failure to Timely Act on Claim*

Plaintiff argues that American Family failed to act timely on her claim. (Pl.'s MSJ 11:9–17). Specifically, Plaintiff complains that she "notifi[ed] American Family on July 14, 2008 that the applicable third-party limits would not sufficiently cover Plaintiff's injuries and treatment," and yet the IME was not scheduled until January 2010. (Pl.'s MSJ 11:11–12). Further, Plaintiff claims that American Family has "at no point . . . affirmed or denied coverage." (Pl.'s MSJ 11:18–22).

Plaintiff's version of the timeline in this case fails to account for several material, undisputed facts. First, Plaintiff did not submit a policy limits demand until August 28, 2009. (Ex. I). American Family was not required to begin investigating Plaintiff's claim before it was submitted. Further, American Family attempted to schedule an IME with Plaintiff beginning in late September 2009, but Plaintiff's counsel failed to respond until late January 2010. Indeed, the evidence shows that American Family was more diligent in processing the claim than Plaintiff's own counsel was in pursing it, sending follow-up communications when Plaintiff's counsel was unresponsive during prolonged periods of time. (*See* Ex. J at 8–9); (Ex. N).

The Court therefore GRANTS summary judgment for American Family on Plaintiff's action for violation of NRS § 686A.310(1)(c).

        **ii.**    *Subsection (d): Failure to Affirm or Deny Claims*

With regard to subsection (d), Plaintiff claims that American Family has "at no point . . . affirmed or denied coverage." (Pl.'s MSJ 11:18–22). Again, this assertion is inconsistent with the factual record. Plaintiff made a policy limits demand for $100,000, but American Family only offered $5,000 to settle her claim. (*See* Ex. J); (Ex. N). Although American Family did not deny coverage outright, its dispute regarding the amount of the claim constituted a partial denial of Plaintiff's claim. *See Amini v. CSAA Gen. Ins. Co.*, No. 2:15-cv-0402-JAD-GWF, 2016 WL 6573949, at *5 (D. Nev. Nov. 4, 2016). Accordingly, the Court GRANTS summary judgment for American Family on Plaintiff's claim for violation of NRS § 686A.310(1)(d).

            **iii.**    *Subsection (e): Failure to Effect Prompt, Fair, and Equitable Settlement*

Next, Plaintiff contends that American Family failed to promptly settle her claim in violation of NRS § 686A.310(1)(e) when liability became "reasonably clear." (Pl.'s MSJ 11:23–12:2). On May 7, 2010, Dr. Segil conducted the IME, and on July 8, 2010, American Family offered Plaintiff $5,000 to settle her claim. (Ex. J); (Ex. N). One-month is a "short delay" that does not support a claim under NRS § 686A.310. *See Zurich Am. Ins.*, 720 F. Supp. 2d at 1238 (finding "delay of just over two months" reasonable). The Court therefore GRANTS American Family's Motion for Summary Judgment with respect to Plaintiff's claim for violation of NRS § 686A.310(1)(e).

            **iv.**    *Subsection (f): Compelling Litigation by Offering Less than Recovered*

Plaintiff argues that American Family violated the subsection that defines "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered" to be an "unfair practice." NRS § 686A.310(1)(f). American Family offers no argument in response. The undisputed evidence shows that Plaintiff's counsel made a demand for the full $100,000 UIM policy limit in a letter to American Family, (Ex. I); American Family offered to settle for $5,000, (Ex. R); and Plaintiff subsequently received the policy limit from American Family following arbitration, (Defs.' MSJ 6:32–33). Even construing these facts in a light most favorable to American Family, no reasonable juror could find that American Family did not compel Plaintiff to institute litigation to recover her UIM payment and that American Family offered substantially less than the amount ultimately recovered.

Nevertheless, the Court must grant summary judgment in favor of American Family because Plaintiff fails to allege or offer evidence to show that she suffered damages as a result of this claims-practices violation. Nevada Revised Statutes § 686A.310 restricts damages

against an insurer to those rights and remedies available to the state insurance commissioner and to "any damages sustained by the insured as a result of" the unfair-claims practice. NRS § 686A.310(2). Damages caused by a third-party tortfeasor are therefore not recoverable under this statute. *Amini*, No. 2:15-cv-0402-JAD-GWF, 2016 WL 6573949, at *6. Likewise, attorneys' fees are not recoverable for violations of NRS § 686A.310. *Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-cv-1257-GMN-PAL, 2010 WL 5477751, at *5 (D. Nev. Dec. 30, 2010).

Plaintiff's damage claims with regard to NRS § 686A.310 are limited to her allegation that "the arbitration award . . . remains outstanding and unpaid" as American Family merely tendered the $100,000 policy limits "leaving an outstanding balance of [$47,826.46]." (Compl. ¶ 9). Because these damages were the result of the third-party tortfeasor and not American Family's handling of the claim, NRS § 686.310 does not entitle Plaintiff to recover these amounts. Plaintiff offers no evidence to show that the violation of NRS § 686A.310(1)(f) caused her any other monetary damages or otherwise jeopardized the merit of her UIM claim. The Court therefore GRANTS summary judgment for American Family.

      **v.**     *Subsection (n): Failure to Timely Provide Explanation of Denial*

Plaintiff argues that "American Family repeatedly failed to provide prompt and reasonable explanations of their basis for the denial of Plaintiffs claim or an offer to settle or compromise the claim." (Pl.'s MSJ 12:10–11). As discussed above, American Family's offer to settle Plaintiff's claim was reasonably timely. Furthermore, the July 8, 2010 offer letter provides a sufficient explanation of American Family's basis for denying the claim. (Ex. R). The letter states American Family's opinion that "[b]ased on the soft tissue complaints, gaps in treating and pre-existing cervical bone spurs, . . . not . . . all of [Plaintiff's] treatment is related to this loss." (*Id.*). Given this explanation, there is no evidence in the record that could support

Plaintiff's claim that American Family failed to provide a reasonable explanation for its partial denial, and the Court GRANTS summary judgment in favor of American Family on this claim.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that American Family's Motion for Summary Judgment, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 30), is **DENIED as moot**.

The Clerk shall close the case and enter judgment accordingly.

**DATED** this __28__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge